## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT C. BUTLER,

      Plaintiff,

    vs.

THE CHAMPION COMPANY,

      Defendant.

Case No. 3:10-cv-453

Judge Timothy S. Black

## ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This civil action is before the Court on Defendant's motion for summary judgment. (Doc. 13). Plaintiff failed to respond to Defendant's motion for summary judgment, and, accordingly, the Court issued an Order directing Plaintiff to show cause why the motion should not be construed as unopposed and granted. (Doc. 21). Plaintiff was ordered to respond to the show cause order by January 4, 2012, but failed to do so.

### I.  UNDISPUTED FACTS[1]

1. Champion is a for-profit corporation, with its principal place of business being in Springfield, Ohio. (Ans. ¶2).

2. Champion is an "employer" as defined in 29 U.S.C. § 2611. (Ans. ¶2).

3. Butler was employed in Champion's tool room from June 12, 2006 to December 30, 2009. (Ans. ¶1; Pl. Dep. 26).

---

[1] Defendant's undisputed facts are taken from its motion for summary judgment. (Doc. 13). Plaintiff failed to repond to the motion for summary judgment and, therefore, the Court accepts the undisputed facts as true.

4.  During his employment he had a number of absences, so he became quite familiar with Champion's rules relating to attendance. (Pl. Dep. Ex. 4; Pl. Dep. 42-43).

5.  Butler understood Champion's Call-Off policy and knew he was required "to call in and report to [his] supervisor, at least one half an hour before the beginning of his shift, if [he] was going to be absent." (Pl. Dep. at 39-40).

6.  Butler understood Champion's Return to Work Doctor's Note Policy, which requires employees away from work for three or more days to provide a doctor's note when he returns to work. (Pl. Dep. Ex. 6 at 10; Pl. Dep. 56-57).

7.  Butler understood Champion's FMLA policies and procedures including that Champion required employees with a serious health condition to support their request for FMLA leave with a certificate signed by the treating physician. (Pl. Dep. at 37; Pl. Dep. Ex. 3; Pl. Dep. Ex. 6 at 22-27).

8.  Butler took sick leave from October 22, 2009 through November 4, 2009, and returned to work without a doctor's excuse. (Pl. Dep. 58-59; Pl. Dep. Ex. 5).

9.  On November 17, Butler contacted Myra Starr, Director of Human Resources, who told him to pick up a form to have his doctor fill out to request FMLA leave. (Pl. Dep. Ex. 9).

10. On November 20, after Butler failed to pick up the paperwork, Ms. Starr mailed it to him. (Pl. Dep. 66-67; Pl. Dep. Ex. 9).

11. The paperwork stated, "in order for us to determine whether your absence qualifies as FMLA leave, you must return the following information to us by December 4, 2009." (Pl. Dep. Ex. 9; Pl. Dep. 75).

12. The form also directed Butler to contact Myra Starr with any questions. (Pl. Dep. Ex. 9; Pl. Dep. 79).

13. On November 30, Butler's primary care doctor, Dr. Turner, completed Butler's FMLA form certifying him for leave from "10/21/09 to present," which both Champion and Butler understood to be until November 30th. (Pl. Dep. Ex. 15; Pl. Dep. 107).

14. Dr. Turner also indicated that she had referred Butler to a gastrointestinal specialist for additional procedures. (Pl. Dep. Ex. 15; Pl. Dep. 107).

15. On December 3, Butler submitted the FMLA certification form signed by Dr. Turner to Ms. Starr. (Pl. Dep. 122).

16. The FMLA certification completed by Dr. Turner entitled Butler to FMLA leave through November 30, 2009. (Pl. Dep. 122).

17. As of December 7, Butler had missed four days of work without providing additional medical documentation requesting FMLA leave or contacting Champion to explain his absences. (Pl. Dep. 125).

18. On December 7, Ms. Starr mailed Butler a form requesting that additional information supporting his leave of absence be submitted by December 15, 2009. (Pl. Dep. 125).

19. Butler received this request on December 8 or 9, but failed to take the paperwork to his gastrointestinal specialist, Dr. Reed, until December 14, 2009. (Pl. Dep. 128).

20. Butler had a telephone conversation with Ms. Starr on December 15, 2009, during which he informed her that he would be at Champion that day with the request for FMLA paperwork completed by his specialist. (Pl. Dep. 20).

21. Prior to this conversation, Butler had not contacted anyone at Champion since December 3, 2009, when he dropped off the medical certification covering his absences through November 30, 2009. (Pl. Dep. 131).

22. The conversation with Ms. Starr on December 15, 2009, was the last contact Butler had with anyone at Champion. (Pl. Dep. 171).

23. Champion had tried to call both Butler's home and cell phones, but they had been disconnected. (Pl. Dep. Ex. 20; Pl. Dep. 191-93).

24. On December 18, Champion's Controller, William Pitstick, sent Butler a letter giving Butler until December 28 to contact Champion with documentation of his leave or Champion would terminate him for job abandonment. (Pl. Dep. Exs. 20 & 21).

24.[2]  After receiving the letter from Champion, Butler made no attempt to contact Mr. Pitstick, nor anyone else at Champion. (Pl. Dep. 195; 211).

25.  At some point after December 21, 2009, the date Dr. Reed signed the request for FMLA form, Butler simply mailed it to Champion and never even bothered to confirm that it was received. (Pl. Dep. Ex. 22; Pl. Dep. 196-99).

26.  The FMLA leave form signed by Dr. Reed did not certify Butler's absences from December 1 through December 29. (Pl. Dep. 22).

27.  Dr. Reed completed the form to indicate that Butler was, in fact, able to perform his job functions. (Pl. Dep. Ex. 22; Pl. Dep. 219).

28.  As of the December 28th deadline, Champion had received no documentation for Butler's December absences but waited two additional days before terminating him for job abandonment. (Pl. Dep. Ex. 24).

### III.    STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[2] Defendant's undisputed facts include two separate undisputed fact number 24.

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

## IV.   ANALYSIS

Plaintiff's failure to respond to Defendant's motion for summary judgment and the Order to Show Cause warrants summary judgment for the Defendant for failure to comply with an Order of the Court. Moreover, summary judgment is also warranted on the merits. *See Guarino v. Brookfield Twp. Tr.,* 980 F.2d 399, 404-05 (6th Cir. 1992) (holding that a district court properly relies upon the facts provided by a moving party when a motion for summary judgment goes unopposed).

Defendant claims that this Court should enter summary judgment against Plaintiff because it is undisputed that Defendant terminated Plaintiff for job abandonment after he repeatedly failed to either show up for work or provide documentation to justify his absence – despite being warned that such would result in his termination. The undisputed facts show that Champion did not interfere with Plaintiff's right to FMLA leave because he failed to provide proper documentation for his December absences. *Cavin v. Honda Amer. Mfg.*, 346 F.3d 713, 719 (6th Cir. 2003). Plaintiff's FMLA retaliation claim also fails because he did not properly avail himself of FMLA leave in December 2009, and there was no causal connection between his termination and his previous FMLA leave. *Skrjanc v. Great Lakes Power Serv. Co.*, 272 F.3d 309, 314-315 (6th Cir. 2001). Moreover, termination for job abandonment is a legitimate,

nondiscriminatory reason for an employer's employment action. *Washington v. Comcast Corp.*, 268 Fed. Appx. 423, 429-30 (6th Cir. 2008).

## V. CONCLUSION

Based on the evidence of record, the Court finds that Defendant's motion for summary judgment is well taken as there are no genuine issues of material fact in dispute and Defendant is entitled to entry of judgment as a matter of law. Accordingly:

1.  Defendant's motion for summary judgment (Doc. 13) is hereby **GRANTED**; and

2.  This case is **CLOSED** upon entry of judgment by the Clerk.

**IT IS SO ORDERED.**

Date: 1/10/12

Timothy S. Black
United States District Judge